UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



INTERNATIONAL ASSOCIATION OF HEAT
AND FROST INSULATORS AND ASBESTOS
WORKERS LOCAL UNION NO. 12A and
TRUSTEES OF THE ASBESTOS WORKERS
LOCAL 12A HEALTH & ANNUITY FUNDS,

*Plaintiffs*,

– against –

TRADE WINDS ENVIRONMENTAL a/k/a
TRADE WINDS ENVIRONMENTAL
RESTORATION, INC.,

*Defendant.*

09 Civ. 01771 (RJH)

<u>ORDER</u>

RICHARD J. HOLWELL, *District Judge*:

On February 16, 2010, the Court granted the motion of plaintiffs International Association of Heat and Frost Insulators and Asbestos Workers Local Union No. 12A (the "Union") and the Trustees of the Asbestos Workers Local 12A Health and Annuity Funds (the "Funds") (together, the "Plaintiffs") for a default judgment against defendant Trade Winds Environmental ("Trade Winds"). After the Court referred the matter for an inquest on damages, on December 23, 2010, Magistrate Judge James L. Cott issued a Report and Recommendation ("Report") recommending that the Court enter judgment for the Plaintiffs against Trade Winds in the amount of $17,118.05 plus prejudgment interest to be calculated by the Clerk of the Court. On January 10, 2011, the Plaintiffs filed only one objection to the Report, as to Magistrate Judge Cott's denial of the Plaintiffs' request for contractual audit costs in the amount of $2,596.00 on the basis that the Plaintiffs had failed to provide adequate documentation substantiating their right to such damages. Trade Winds filed no objections to the Report.

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the Findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). A district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C); *see* Fed.R.Civ.P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed.R.Civ.P. 72 advisory committee's note (b).

The Court has reviewed Magistrate Judge Cott's Report and finds no clear error on the face of the record. As to the Plaintiffs' objection regarding the recovery of contractual audit costs, Magistrate Judge Cott denied such recovery because the Plaintiffs had failed to provide documentation justifying the amount demanded in audit costs. *See* Report at 14. However, Magistrate Judge Cott's Report stated that the Plaintiffs could "renew their motion with respect to audit costs by providing adequate substantiation to the [Court] and thus demonstrating a basis for collecting them" as part of the Plaintiffs' objections to the Report. *Id.* The Plaintiffs did so by submitting an affidavit and invoices detailing the fees and expenses of the auditor in issue.

The Court has reviewed the Plaintiffs' objection and supporting affidavit and documentation, and it is satisfied that audit costs in the amount of $2596.00 be awarded in the final Damages Order.

Having reviewed the Report and finding no clear error on the face of the record, and having considered the Plaintiffs' objection to the Report and concluding on *de novo* review that it is meritorious, it is hereby ORDERED AND ADJUDGED:

1. The Report is ADOPTED in its entirety except for Part II.C.2;

2. Pursuant to Magistrate Judge Cott's Report and the Court's consideration of the Plaintiffs' objection, the Plaintiffs are awarded: (1) $9,988.00 in unpaid fringe-benefit contributions; (2) $2,344.70 in unpaid union dues check-offs; (3) $1,997.60 in liquidated damages; (4) $2,086.00 in attorneys' fees; (5) $701.75 in costs; (6) $2596.00 in audit costs; (7) prejudgment interest on unpaid fringe-benefit contributions to be calculated by the Clerk of the Court as set forth in Part II.B.2 of the Report; and (8) prejudgment interest on unpaid union dues check-offs to be calculated by the Clerk of the Court as set forth in Part II.C.1.

3. The Clerk of the Court is requested to close this case.

SO ORDERED.

Dated: New York, New York
       November 17, 2011

Richard J. Holwell
United States District Judge